UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  Case No.: 23-CV-00584 (BCM)
MOLLIE MINSKOFF,

          Plaintiff,  **ANSWER**

     -against-

HECTOR MENDOZA JR.,

          Defendant,
-----------------------------------------------------------------X

  Defendants, HECTOR MENDOZA JR., by their attorneys, Law Office of Andrew C. Laufer, PLLC., answering the Amended Complaint ("Complaint"), states as follows upon information and belief:

## NATURE OF ACTION

  1. Paragraph 1 of Plaintiff's Complaint contains no allegations of fact, and consists of statements and characterizations of the nature of the action. To the extent a response is required, Defendant denies those allegations.

  2. Deny the allegations in paragraph 2.

  3. Deny the allegations in paragraph 3.

  4. Deny the allegations in paragraph 4.

  5. Deny the allegations in paragraph 5.

## THE PARTIES

  6. Cannot admit or deny the allegations in paragraph 6.

  7. Admit the allegations in paragraph 7.

## JURISDICTION AND VENUE

  8. The allegations in paragraph 8 are legal conclusions to which no

response is required. To the extent a response is required, Defendant denies those allegations.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

10. The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FACTUAL BACKGROUND

11. Admits the allegations contained within paragraph 11.

12. Admits the allegations contained within paragraph 12.

13. Admits the allegations contained within paragraph 13. Further, the apartment was owned by plaintiff's father, Edward Minskoff.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21.

22. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 22, and on that basis deny the allegations.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 25.

26. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 35.

36. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 54.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63

64. Deny the allegations in paragraph 64.

65. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 65, and on that basis deny the allegations.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67.

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Admit the allegations in paragraph 74.

75. Admit the allegations in paragraph 75.

76. Admit the allegations in paragraph 76.

77. Admit the allegations in paragraph 77.

78. Admit the allegations in paragraph 78.

79. Admit the allegations in paragraph 79.

80. Admit the allegations in paragraph 80.

81. Admit the allegations in paragraph 81.

82. Admit the allegations in paragraph 82.

## CAUSES OF ACTION

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88/

89. Deny the allegations in paragraph 89

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Deny the allegations in paragraph 93.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

104. Deny the allegations in paragraph 104

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106.

107. Deny the allegations in paragraph 107.

108. Deny the allegations in paragraph 108.

109. Deny the allegations in paragraph 109.

110. Deny the allegations in paragraph 110.

111. Deny the allegations in paragraph 111.

112. Deny the allegations in paragraph 112.

113. Deny the allegations in paragraph 113.

114. Deny the allegations in paragraph 114.

115. Deny the allegations in paragraph 115.

116. Deny the allegations in paragraph 116.

117. Deny the allegations in paragraph 117.

Denies all other allegations not expressly admitted including, but not limited to, those contained within plaintiff's Prayer for Relief paragraph.

## FIRST DEFENSE

### Subject Matter Jurisdiction

118. This Court lacks jurisdiction over the subject matter of the Complaint.

## SECOND DEFENSE
### Personal Jurisdiction

119. This Court lacks personal jurisdiction over Defendant.

## THIRD DEFENSE
### Failure to State a Claim

120. Plaintiff fails to state a claim or causes of action against Defendant.

## FOURTH DEFENSE
### Statute of Limitations

121. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH DEFENSE
### Waiver, Estoppel, Laches, Unclean Hands

122. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## SIXTH DEFENSE
### No Proximate Causation

123. Any injuries allegedly suffered or experienced by Plaintiff were not proximately caused by any action of Defendants.

## SEVENTH DEFENSE
### Limited Liability

124. Any liability of Defendants for non-economic loss is limited as set forth in NYCPLR Article 16.

## EIGHTH DEFENSE
### Collateral Source

125. Any judgment must be reduced pursuant to CPLR § 4545 by those amounts received from collateral sources.

## NINTH DEFENSE
### Failure to Mitigate Damages

126. Upon information and belief, the proof at trial may show that Plaintiff failed to mitigate her damages, if any.

## TENTH DEFENSE
### Contribution

127. The relative culpability of each person who is or may be responsible for the damages alleged by Plaintiff in this action shall be determined in accordance with precedent and statutory laws of the State of New York in such cases made and provided; and the equitable share of each person liable for contribution shall be determined and apportioned in accordance with the relative culpability of each person, if any, pursuant to Article 14 of the New York Civil Practice Laws and Rules.

## ELEVENTH DEFENSE
### No Liability for Other Actors

128. The injuries or damages described in the Complaint were caused in whole or in part by the negligence or intentional acts of persons or entities over which and for whom answering defendant had no control and no responsibility.

## TWELFTH DEFENSE
### Lack of Particularity

129. Plaintiff fails to plead her allegations with particularity.

## THIRTEENTH DEFENSE
### Consent

130. Any sexual activity engaged in between the parties was consensual.

## FOURTEENTH DEFENSE
### Adult Survivors Act

131. The Adult Survivors Act under New York Civil Practice Law and Rules 214-j is unconstitutional.

## FIFTHTEENTH DEFENSE
### New York City Victims of Gender-Motivated Violence Protection Act

132. The New York City Victims of Gender-Motivated Violence Protection Act, New York City Administrative Code Section 10-1104 is unconstitutional.

## COUNTER-CLAIM

## FACTUAL ALLEGATIONS

133. On or about August 30th 2014, the plaintiff broke into Mr. Mendoza's home and, when he stated he was calling the police, she said the following: ""I have way more power than you do Hector. And if you ever talk to me that way or threaten me that way, I promise you I will use my power that I have." (Time Stamp - 6:32) "Really? You f***** me and guess what, and without a condom. So you know what, you wanna play that game hunny bunch? I'll say you raped me." "I'm bleeding, so don't even try, way more power than you. Way more power." (Time Stamp - 7:07). The event was audio recorded (warning explicit) Link here -https://www.dropbox.com/s/owhhaxolkv04n56/Mollie.m4a?dl=0

134. Ever since she issued that chilling threat, plaintiff had always planned to use both the criminal and civil justice system against Mr. Mendoza to grind him into powder if he did not play by her rules.

135. Plaintiff's "power play" culminated in the filing of false criminal charges against Mr. Mendoza for rape and others with the New York Police Department on or about October 26, 2020.

136. This resulted in Mr. Mendoza being incarcerated at Los Angeles County Jail for (2) weeks prior to his extradition to New York on July 22, 2021. The prosecution lasted several months until all charges were dismissed, by motion of the Kings

County District Attorneys' Office, on February 10th, 2022. (See Exhibit A attached hereto.)

137. Specifically, prosecutors believed the plaintiff misled them about several representations she made to them regarding statements she made to the Los Angeles County District Attorney's Office and her substance abuse history rendering her credibility was untrustworthy. Plaintiff also contradicted herself with statements she made to the Los Angeles Police Department and the Kings County District Attorney's Office regarding the aforementioned audio recording. As a result, the KCDAO moved to dismiss all charges against Mr. Mendoza. (See Exhibit A attached hereto.)

138. During the time spent in LA county jail, and prior to his transport to New York to face these frivolous charges instituted by the plaintiff, a riot ensued resulting in a mass causality event where over 30 people were injured. (See Exhibit B attached hereto.)

139. During the riot, Mr. Mendoza, who has no prior criminal record, was forced to hide within his cell in fear for his life.

140. Plaintiff is utilizing the court system to both harass, intimidate, and retaliate against Mr. Mendoza into both emotional and financial submission especially since he filed an action against her for malicious prosecution and defamation in the Supreme Court for the State of New York, County of Kings under index number 508505/22.

141. Plaintiff has even used the parties' daughter as a prop for a continuing online campaign of harassment. She also continues her online harassment to further defame Mr.Mendoza.

**FIRST COUNTERCLAIM – LIBEL, SLANDER, AND DEFAMATION OF CHARACTER**

142. Defendant repeats and realleges each and every allegation contained

in the prior Cause of Action as if fully set forth at length herein.

143. The following words of the plaintiff were published on February 24, 2023 via Instagram via plaintiff's MollieAF account: "Rape supporter!" "How is Hector? How is the rapist? Just letting him rape and rape and rape as he does. And steal all your money! He loves rich people and using them"

144. The aforementioned statements were published on Instagram and directed at Mr. Mendoza and his employer. (See Exhibit C attached hereto.)

145. The aforementioned statements are false. Plaintiff knew them to be false since multiple law enforcement agencies found them to be completely unfounded.

146. The slanderous and libelous statements of plaintiff, as set forth herein, were stated publicly and falsely accused the defendant of being a rapist and abuser of the plaintiff.

147. Plaintiff, by and through the referenced libelous and slanderous statements, intended to defame the defendant.

148. The referenced libelous and slanderous statements of plaintiff, as reflected above, were known by her to be false and/or were made with reckless disregard for the truth or falsity of the statement.

149. The libelous and slanderous statements of plaintiff as above, were published on social media and made to both law enforcement in California and New York, and, in fact, plaintiff knew these statements to be false and/or had a high degree of awareness of the probable falsity of her statements. Plaintiff made her statements with reckless disregard for the truth, demonstrating actual malice.

150. The libelous and slanderous statements of plaintiff were made with actual malice, exposing Mr. Mendoza to public ridicule, contempt, aversion, disgrace, and induced evil opinions of him in the minds of right-thinking persons, while depriving him of friendly intercourse in society, thus injuring Mr. Mendoza in his good name and reputation.

151. The libelous and slanderous statements of plaintiff expressly state and imply that Mr. Mendoza is a rapist and abuser of women, and/or tend to injure Mr. Mendoza in his trade, business or profession.

152. The libelous and slanderous statements of plaintiff, express and imply that Mr. Mendoza is a rapist and abuser of women and/or tending to injure Mr. Mendoza in his trade, business, or profession, constitute slander per se.

153. By reason of the slanderous statements of plaintiff as set forth herein, Mr. Mendoza sustained special damages.

154. By reason of the slanderous statements of plaintiff, Mr. Mendoza has been, and continues to be, greatly injured in name and reputation including, inter alia, his good name and reputation in his profession.

155. Mr. Mendoza has been brought into public scandal and disrepute, and has suffered ridicule, aversion, shame and disgrace among others in his profession, and among citizens of the State of New York, the nation and the world, for which Mr. Mendoza is entitled to recover an amount the jurisdictional predicate of all lower Courts.

156. By reason of the libelous and slanderous statements of plaintiff, as set forth herein, Mr. Mendoza is entitled to an award of punitive damages against Defendant.

## DEMAND FOR JURY TRIAL

157. Defendants demand a trial by jury of all issues so triable.

WHEREFORE, Defendants demand judgment:

(a) dismissing the Complaint, with prejudice;

(b) granting Defendant his costs, disbursements, and attorneys' fees incurred in this action; and

(c) finding for Defendant on his Counter-Claim and;

(d) granting it such other relief as is proper.

Dated: New York, New York
      April 21, 2023

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____
By: Andrew C. Laufer
Attorney for Defendant
HECTOR MENDOZA, JR.
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020