UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MOLLIE MINSKOFF,

               Plaintiff,

    v.

HECTOR MENDOZA, JR.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Case No.: 23-cv-584-BMC**

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with the Court's June 13, 2023, Minute Entry in the above-captioned proceeding, Plaintiff Mollie Minskoff respectfully requests that the Court enter the following Confidentiality Agreement and Protective Order ("Protective Order") to limit the review, copying, dissemination and filing of confidential and/or proprietary information and the exchange of documents relevant to Plaintiff's claims and Defendant's defenses in this action and to govern discovery provided by the Parties[1] and any other party or non-party ("Discovery Materials"), which requires the disclosure of documents containing confidential and/or sensitive personal information and disclosure of information regulated by certain State and/or Federal statutes, rules and regulations, including the Health Insurance Portability and Accountability Act ("HIPAA") and the regulations promulgated thereunder.

---

[1] Plaintiff Mollie Minskoff and Defendant Hector Mendoza, Jr. are referring herein individually as "Party" and collectively as "Parties."

For good cause having been shown:

IT IS hereby ORDERED that:

1. This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that merits confidential treatment.

2. **Definitions.** As used herein:

   a. "Action" refers to the above-captioned litigation.

   b. "Discovery Material" includes all information exchanged between the Parties, whether gathered through information requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to Federal Rules of Civil Procedure 30 through 36 and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excepts or summaries of documents disclosed as required under Rule 26(a).

   c. "Producing Party" shall mean a Party to this action, or a non-party either acting on a Party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

   d. "Receiving Party" shall mean a Party to this Action that receives Discovery Material from a Producing Party in this Action.

3. **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

   a. Commercial information relating to any Party's business or business ventures, including but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, trade secrets or

other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

    b. Personal information including but not limited to employment information, wage and income information, benefits information, medical and treatment information and records, intimate relationship and sexual history, counseling or mental health records, and educational records;

    c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a Party and a non-party;

    d. Medical or mental health information, including but not limited to Protected Health Information ("PHI"), as that term is defined in 45 C.F.R. § 160.103;

    e. Records restricted or prohibited from disclosure by statute; and

    f. Any information copied or extracted from the previously described materials, including all excepts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

    4. **Manner of Confidential Designation.**  A Producing Party shall affix, either by notation on each page of the document so designated, statement on the record of a deposition, or written advice to the respective undersigned counsel for the Parties hereto, a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

  a. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately.

  5. **Timing of Confidential Designation.**

  a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

  b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

  6. **Qualified Recipients.** For purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient[s]") are:

  a. the Parties;

  b. the Parties' agents or employees actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    c. counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who directly assist such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    d. expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

    e. the Court and court personnel;

    f. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    g. trial and deposition witnesses, if furnished, shown or disclosed in accordance with the terms of this Protective Order; and

    h. any other person agreed to by the Producing Party.

  7. **Dissemination by the Receiving Party.**  Counsel for the Receiving Party shall:

    a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" to review and agree to the terms of this Protective Order and execute a copy the Agreement attached hereto as Exhibit A before receiving confidential Discovery Material.

5

    b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

    c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Exhibit A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

  8. **Duty as to Designations.**  Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Broadly described, indiscriminate, or routinized designations are prohibited.

  9. **Limitations on Use.**  Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any other purpose whatsoever.

  10. **Maintaining Confidentiality.**  Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each Party, each Qualified Recipient, and all counsel representing any Party, shall use their best efforts to maintain all information designated as

"CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure.

11. **Copies.** Discovery Material designated as "CONFIDENTIAL" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the Court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

12. **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the Court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" shall be provisionally filed under seal with the filing Party's motion for leave to file under seal. A Party seeking to file Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing such motions. Nothing in this agreement shall constrain the Court's ability to restrict or permit public access to documents filed on the docket or alter the standards under which public access to documents is to be determined. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

13. **Challenges to Confidentiality Designations.** A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute

7

without court intervention, they shall write to the Court by electronically filing a letter not exceeding three pages in length, exclusive of attachments. A response not exceeding three pages in length, exclusive of attachments, must be served and filed within four days of receipt of the letter, unless a motion for additional time is granted. The Party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The Party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14. **Use at Court Hearings and Trial.** Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A Party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any Party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

15. **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each Party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The destroying Party shall notify the producing Party when destruction under this provision is complete. If a Party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the Parties and their legal counsel in the future.

16. **Outside Requests for Confidential Information.** If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or

other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Protective Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

17. **Modification.** This Protective Order is entered without prejudice to the right of any Party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

18. **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined Party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Protective Order.

19. **Inadvertent Disclosure of Protected Discovery Material.**

a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

9

b.  Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" designation.

20.  **Waiver.**  The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.  Nothing in this Protective Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential.  Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

Respectfully Submitted,

Dated: June 13, 2023  
Albany, New York

**GREENBERG TRAURIG, LLP**

By: _____

Kelly L. McNamee  
54 State Street, 6th Floor  
Albany, New York 12207  
Tel: (518) 689-1400  
Fax: (518) 689-1499  
Email: mcnameek@gtlaw.com

*Counsel for Plaintiff Mollie Minskoff*

**SO ORDERED:** *

*/s/ Brian M. Cogan*
_____
Hon. Brian M. Cogan
June 13, 2023


*Defense counsel stated at the Initial Status Conference today that he had no objection to entry of this Order.

11

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------X
:
MOLLIE MINSKOFF, :
:
          Plaintiff, :   **Case No.: 23-cv-584-BMC**
:
  v. :
:
HECTOR MENDOZA, JR., :
:
          Defendant. :
:
------------------------------------X

    I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

    I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

                                                                             _____
                                                                             Printed Name

Dated: _____

                                                                             _____
                                                                             Signature